IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

BARRI MONEY SERVICES, LLC,   CASE NO.: _____

    Plaintiff,
v.

EL GRANERO GROCERY STORE,
INC.; and SANDY BRITO

    Defendants.
_____/

## COMPLAINT

Plaintiff, BARRI MONEY SERVICES, LLC, a Texas limited liability company ("Plaintiff" or "Barri"), by and through its undersigned counsel, sues Defendants EL GRANERO GROCERY STORE, INC., a Georgia corporation ("El Granero"), and SANDY BRITO ("Ms. Brito"), an individual residing in Georgia (collectively, "Defendants"), and alleges as follows:

### Parties, Jurisdiction, and Venue

1. Barri is a Texas limited liability company, qualified to do business in the United States and in the state of Georgia, with its principal place of business in Texas.

2. All members of Barri are citizens of the state of Texas. Accordingly, Barri is a citizen of the state of Texas.

1

3. El Granero is a Georgia corporation with its principal place of business in Rex, Georgia. Accordingly, El Granero is a citizen of the state of Georgia.

4. Sandy Brito is a Georgia resident who conducts business at the El Granero Grocery Store located at 6561 Highway 42, Rex, Georgia 30273. Upon information and belief, Ms. Brito is a citizen of the state of Georgia.

5. Jurisdiction over the subject matter of this action is conferred pursuant to 28 U.S.C.A. § 1332 because this is an action for damages in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this district and division pursuant to 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to Barri's claims occurred in this district and division.

## Factual Background

7. Barri facilitates the operation of money transfers, money orders, check cashing, bill payment, and other pre-paid services. While Barri supplies the technology and financial means to accomplish these operations, Barri employs or contracts with agents to carry out these tasks locally.

8. The agents run Barri's financial services through their local businesses. Generally, agents are paid a commission for their sales, marketing, and administrative support of these services. In addition to general employee obligations, such as providing assistance to customers, agents are considered the

fiduciaries of Barri and are obligated to deposit the funds received from customers into Barri's account.

9. Barri agents interact with customers and obtain money from customers for services such as wiring funds. Those funds are owned by and belong to Barri and are supposed to be deposited in Barri's bank account. To provide the fastest and most convenient services for its customers, Barri honors its customers' wire transactions and other financial transactions before it has any confirmation that the agent has deposited the corresponding funds with Barri.

10. Barri contracted with El Granero to serve as an agent. Sandy Brito, the Chief Executive Officer of El Granero, signed a Non-Exclusive Agent Agreement (the "Agent Agreement") with Barri on May 26, 2022, to transact various financial services at the El Granero Grocery Store.

11. Under the Agent Agreement, El Granero "expressly acknowledge[d] and agree[d] that all such funds received by [El Granero] shall constitute trust funds owned by and belonging to BARRI on behalf of the person(s) from whom such monies were received."

12. El Granero "expressly acknowledged and understood . . . that [El Granero] does not by operation of this Agreement or otherwise acquire any right, title, or interest of any kind in the money received for transmission from the consumer, the trust funds, or BARRI's Service fees or income."

13. El Granero agreed to deposit all sums it received through the use of Barri's financial services on Mondays, Wednesdays, and Fridays of each week.

14. On Monday, July 25, 2022, El Granero opened the business day with a balance of $86,173.30 owed to Barri as a result of transactions Barri's customers conducted with El Granero over the weekend. This amount is reflected in Barri's Detailed Agency Activity report.

15. El Granero ended the day with $92,257.96 in transactions which it failed to deposit with Barri as required by the Agent Agreement.

16. The next day, July 26, 2022, El Granero processed an additional transaction with a Barri customer before Barri suspended El Granero's access to its systems due to El Granero's failure to make a timely deposit.

17. After accounting for all transactions, commissions, and refunds, El Granero owed Barri $92,504.96.

18. Barri made multiple demands to El Granero and Ms. Brito to return the $92,504.96 owed to Barri. Ms. Brito promised to deposit the funds promptly. Defendants never deposited the $92,504.96 owed to Barri.

19. In addition to the principal amount owed to Barri, El Granero is also liable for late fees and interest as a result of its failure to deposit timely the funds as required.

20. Defendants have damaged Barri by their various breaches of the Agent

Agreement and misrepresentations regarding their continued failure to make payment.

## COUNT I
**(Breach of Contract)**

21. Barri re-alleges the allegations contained in paragraphs 1 through 20 above, as if fully set forth herein.

22. Under the terms of the Agent Agreement, El Granero was obligated to make deposits on Mondays, Wednesdays, and Fridays, into Barri bank accounts, or into such accounts as designated by Barri, the total amount of monies, including all services fees for all transactions and operations from the prior days.

23. Further, if El Granero did not make deposits as required by the Agent Agreement, Barri has the right to assess late fees for each instance when a deposit is not complete.

24. Despite multiple demands, El Granero has materially breached its obligations under the terms of the Agent Agreement by failing to make deposit of the amounts owed to Barri.

25. As a result of El Granero's breach, Barri has suffered, to date, late fees in the amount of $840.00, exclusive of other fees, interest, and costs.

26. Barri has performed all conditions precedent to the bringing of this action.

27. Barri seeks to recover damages as a result of El Granero's breach of the Agent Agreement.

WHEREFORE, Plaintiff, BARRI MONEY SERVICES, LLC, respectfully requests that this Court enter judgment against Defendant, El Granero, for damages in the amount of $92,504.96, plus $840.00 in late fees to date, plus interest, attorney's fees, and any other such relief that this Court deems just and proper.

WHEREFORE, Plaintiff, BARRI MONEY SERVICES, LLC, respectfully requests that this Court enter a temporary restraining order and preliminary and permanent injunctions prohibiting Defendant, El Granero, from using, distributing, or transferring any liquid assets in Defendant's possession that is rightfully owed to Plaintiff.

## COUNT II
**(Open Account)**

28. Barri re-alleges the allegations contained in paragraphs 1 through 27 above, as if fully set forth herein.

29. El Granero owes Barri $92,504.96, plus $840.00 in late fees, and interest that continues to accrue, that are due since July 24, 2022, according to the attached account.

WHEREFORE, Plaintiff, BARRI MONEY SERVICES, LLC, respectfully requests that this Court enter a judgment for damages against Defendant, El Granero, and such other relief as this Court deems just and proper.

## COUNT III
### (Unjust Enrichment in the Alternative)

30. Barri re-alleges the allegations contained in paragraphs 1 through 29 above, as if fully set forth herein.

31. Barri provided financial services to El Granero from May 2022 through July 2022.

32. Throughout this time period, at the request of El Granero, Barri would honor the financial transactions of its customers, such as by wiring money to third-party recipients, and El Granero would make deposits for these services directly to Barri accounts.

33. Defendants had knowledge of, accepted, and retained the benefits of the financial services provided by Barri.

34. It would be unjust for Defendants to receive the benefits of the financial services provided by Barri but not pay Barri for those services.

35. Defendants have been unjustly enriched at the expense of Barri.

36. Upon information and belief, Sandy Brito has used the funds belonging to Barri for her own personal use and gain.

37. Barri is entitled to damages as a result of Defendants' unjust enrichment.

WHEREFORE, Plaintiff, BARRI MONEY SERVICES, LLC, respectfully requests that this Court enter a judgment for damages against Defendants, and such other relief as this Court deems just and proper.

## COUNT IV
**(Fraud)**

38. Barri re-alleges the allegations contained in paragraphs 1 through 37 above, as if fully set forth herein.

39. On or about July 25, 2022, Barri suspended the Agent Agreement due to Defendants' receipt of not less than $92,504.96 from customers and Defendants' failure to deposit the same with Barri.

40. Barri made multiple demands for the sums owed. Ms. Brito promised to make a deposit promptly. Barri had multiple conversations with Ms. Brito beginning on July 25, 2022 where Ms. Brito promised that all sums would be returned to Barri within 24 – 48 hours.

41. Upon information and belief, Defendants owe substantial amounts of money to not only Barri, but other companies which provided similar money wiring services.

42. Ms. Brito made multiple false statements of fact and misrepresentations to Barri regarding depositing the funds she owed.

43. Ms. Brito knew at the time she made such false statements and misrepresentations, including that she would deposit the funds, that such statements were in fact false.

44. Ms. Brito made the false statements and misrepresentations, including that she would deposit the funds, for the purpose of inducing Barri to rely on such statements. Ms. Brito made the false statements and misrepresentations for the purpose of delaying and ultimately impeding Barri's collection efforts.

45. Barri reasonably relied on Ms. Brito's misrepresentations. Barri postponed initiating collection efforts and seeking legal redress in reliance on Ms. Brito's statements that a deposit would be forthcoming.

46. Barri incurred damages as a result of Ms. Brito's false statements and misrepresentations, including, but not limited to, Barri's continued non-collection of the funds Defendants owe and Barri's continued delay in bringing collection actions and enforcing the Agent Agreement.

WHEREFORE, Plaintiff, BARRI MONEY SERVICES, LLC, respectfully requests that this Court enter a judgment for damages against Ms. Brito, including punitive damages, and such other relief as this Court deems just and proper.

## COUNT V
### (Conversion)

47. Barri re-alleges the allegations contained in paragraphs 1 through 46 above, as if fully set forth herein.

48. By failing to deposit the not less than $92,504.96 received from customers, Defendants took the personal property from the possession of Barri.

49. Defendants are without legal justification for having taken the not less than $92,504.96 from Barri.

50. Defendants took the not less than $92,504.96 from Barri for the purpose of exercising dominion over it. Upon information and belief, Defendants took the not less than $92,504.96 from Barri for the purpose of spending and otherwise using it for their personal purposes and personal gain.

WHEREFORE, Plaintiff, BARRI MONEY SERVICES, LLC, respectfully requests that this Court enter a judgment for damages against Defendants, including compensatory and punitive damages, and such other relief as this Court deems just and proper.

Dated this the 19th day of August 2022.

Respectfully submitted,

/s/ Zachary P. Martin
Zachary P. Martin, Esq. (GA Bar No. 568537)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
T: (205) 521-8884 | F: (205) 521-8800
Primary email: zmartin@bradley.com

*Counsel for Plaintiff Barri Money Services, LLC*